UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Bridget Mitchell,                                        Case No. 17-cv-610 (PAM/HB)

                     Plaintiff,

v.                                              **MEMORANDUM AND ORDER**

Federal Cartridge Company,

                     Defendant.

This matter is before the Court on Defendant Federal Cartridge Company's Motion to Dismiss. For the following reasons, the Motion is denied.

**BACKGROUND**

Plaintiff Bridget Mitchell claims that Defendant Federal Cartridge Company ("FCC") fired her in violation of the Family Medical Leave Act ("FMLA"). In early November 2016, Mitchell began feeling ill and requested Wednesday, November 2, off from work. (2d Am. Compl. (Docket No. 8) ¶ 9.) On November 3, Mitchell went to the doctor and was diagnosed with strep throat and an ear infection. (Id. ¶ 12.) She had volunteered to work overtime shifts on November 5 and 6, but was unable to do so. (Id. ¶¶ 21-22.) Mitchell returned to work on November 7, but she was suspended at the end of her shift for violations of company policy, specifically missing the overtime for which she had volunteered. (Id. ¶ 37.) On November 17, Mitchell again visited the doctor, who filled out a "medical statement" saying that Mitchell had been "totally unable to perform any type of work" from November 3 through November 6. (Id. ¶ 18.) The Second

Amended Complaint does not allege that Mitchell provided this "medical statement" to FCC. The company terminated her employment on November 29, 2016. (Id. ¶ 36.)

Mitchell's one-count Second Amended Complaint claims that she was fired for taking FMLA leave in violation of 29 C.F.R. § 825.220(c). She also contends that FCC did not sufficiently supply her with notice regarding her rights under the FMLA, in contravention of 29 C.F.R. § 825.300(a).

**DISCUSSION**

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." Id. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under Twombly. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Twombly, 550 U.S. at 556.

FCC's Motion contends that dismissal is warranted because Mitchell failed to plead facts showing that she was eligible for FMLA leave as an initial matter, and because she did not plead facts showing that she provided adequate notice to the company that she suffered from a serious health condition. At the hearing and in its reply memorandum, FCC argued only the notice issue, apparently conceding that Mitchell sufficiently pled her eligibility for FMLA leave. The Court agrees that Mitchell pled

2

facts sufficient to allege that she was eligible for FMLA because she suffered from a "serious health condition." 29 U.S.C. § 2612. The Court will not discuss that aspect of FCC's Motion further.

As noted, FCC argues that Mitchell failed to sufficiently allege that she gave FCC adequate notice of her need for FMLA leave. But "[w]hether an employee gave sufficient information to put his or her employer on notice that an absence may be covered by the FMLA is a question of fact for the jury." Phillips v. Mathews, 547 F.3d 905, 909 (8th Cir. 2008). Mitchell alleges that FCC's policies required that she inform her supervisor if she was ill, and that she twice called her supervisor to report that she was sick with strep throat and an ear infection and could not work. (2d Am. Compl. ¶¶ 26, 28.) She also alleges that she offered to provide proof to her supervisor that she sought and received treatment for her illness. (Id. ¶ 32.) Whether this notice is adequate under the FMLA is a question of fact that is not appropriately resolved on a motion to dismiss.

**CONCLUSION**

FCC has not established that Mitchell's Amended Complaint fails to state a claim on which relief can be granted. Accordingly, **IT IS HEREBY ORDERED that** Defendant's Motion to Dismiss (Docket No. 4) is **DENIED**.

Dated: <u>May 30, 2017</u>

<u>*s/ Paul A. Magnuson*</u>
Paul A. Magnuson
United States District Court Judge